ANNE HIARING HOCKING, # 88639
ahocking@donahue.com
JOHN C. KIRKE, # 175055
jkirke@donahue.com
DANIEL H. SENTER, # 271626
dsenter@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 25th Floor
Oakland, California 94612-3520
Telephone:  (510) 451-3300
Facsimile:   (510) 451-1527

Attorneys for Defendant and Counter-Claimant
SERINE-CANNONAU VINEYARD, INC., dba
TERRY HOAGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| VIÑA UNDURRAGA S.A., a Chilean corporation, Vitacura 2939, Piso 21, Las Condes Santiago, Chile,<br><br>Plaintiff,<br><br>v.<br><br>SERINE-CANNONAU VINEYARD, INC., dba Terry Hoage, a California corporation, 870 Arbor Road Paso Robles, California 93446,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:15-cv-09658-PSG-JPR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:          May 22, 2017<br>Time:         1:30 p.m.<br>Courtroom:  6A<br>Judge:        Hon. Philip S. Gutierrez |

#758633.11

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................... 1

I.    STATEMENT OF UNCONTROVERTED FACTS ........................... 3
   A.   The Parties TH Marks ............................................................ 3
   B.   Priority ................................................................................... 4
   C.   Likelihood Of Confusion ....................................................... 4
   D.   Additional TH Marks at Issue ............................................... 6

II.   LEGAL STANDARDS ...................................................................... 7
   A.   Summary Judgment ................................................................ 7
   B.   Review Of A TTAB Decision ................................................ 8

III.  CLAIM I - THE TTAB DECISION SHOULD NOT BE
      REVERSED ........................................................................................ 8
   A.   The TTAB Correctly Found Prior Use ................................... 9
   B.   The TTAB Correctly Found Likelihood Of Confusion............ 9
   C.   The TTAB's Findings Are Supported Under Any Standard .... 10
   D.   Plaintiff's Speculation Does Not Create a Genuine
        Dispute ................................................................................. 12

IV.   PLAINTIFF'S REMAINING CLAIMS II-V ALSO FAIL DUE
      TO DEFENDANT'S SUPERIOR RIGHTS IN "TH" FOR
      WINE ............................................................................................... 13
   A.   Terry Hoage's Rights To Its Stylized TH Mark Entitle It
        To Summary Judgment On Plaintiff's Claims II - IV.............. 14
        1.    Plaintiff Cannot Show A Protectable Interest in the
              Mark ........................................................................... 14
        2.    Plaintiff Cannot Show Likelihood of Confusion .......... 15
   B.   Terry Hoage's Rights To Its Stylized TH Mark Entitle It
        To Summary Judgment On Plaintiff's Claim V For
        Dilution ................................................................................ 16
   C.   In The Alternative, Terry Hoage's TH VINEYARDS
        Entitles It To Summary Judgment On Plaintiff's Claims ........ 17
   D.   There Is An Absence of Evidence To Prove Claims Two
        Through Five .......................................................................... 18

V.    Terry Hoage's counterclaims ......................................................... 18
        1.    Terry Hoage's Valid Marks ........................................ 19
        2.    Likelihood of Confusion ............................................. 19
        3.    Counterclaim Remedies .............................................. 20

CONCLUSION....................................................................................... 21

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alpha Industries, Inc. v. Alpha Steel Tube & Shapes, Inc.,*
  616 F.2d 440 (9th Cir.1980) ................................................................ 10

*AMF, Inc. v. Sleekcraft Boats,*
  599 F.2d 341 (9th Cir.1979) .............................................. 10, 11, 15, 19

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242. 106 S. Ct. 2505 (1986) ..................................................7

*Applied Info. Scis. Corp. v. eBay, Inc.,*
  511 F.3d 966 (9th Cir. 2007) ........................................................ 14, 18

*Aycock Eng'ng, Inc. v. Airflite, Inc.,*
  560 F.3d 1350 (Fed.Cir.2009) ............................................ 8, 9, 10, 12

*Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.,*
  174 F.3d 1036 (9th Cir.1999) ........................................... 11, 14, 18, 20

*CAE, Inc. v Clean Air Engineering, Inc.*
  267 F.3d 660 (7th Cir 2001) ............................................... 8, 9, 12

*Celotex Corp. v. Catrett,*
  477 U.S. 317, 106 S. Ct. 2548 (1986) ...................................... passim

*Cleary v. News Corp.,*
  30 F.3d 1255 (9th Cir. 1994) ....................................................... 14, 18

*Consol. Edison Co. of N.Y. v. N.L.R.B.,*
  305 U.S. 197, 59 S. Ct. 206 (1938) ..................................................8

*Globalaw Ltd. v. Carmon & Carmon Law Office,*
  452 F. Supp. 2d 1 (D.D.C. 2006) ...................................................... 15

*Grey v. Campbell Soup Co.,*
  650 F. Supp. 1166 (C.D. Cal. 1986) ........................................... 14, 18

# TABLE OF AUTHORITIES

**Page**

*Hokto Kinoko Co. v. Concord Farms, Inc.*,
810 F. Supp. 2d 1013 (C.D. Cal. 2011), aff'd, 738 F.3d 1085 (9th Cir. 2013) ................................................................................................ 10

*In re E. I. du Pont de Nemours & Co.*,
476 F.2d 1357, 177 USPQ 563 (CCPA 1973) ........................................4, 5, 9, 10

*In re Gartside*,
203 F.3d 1305 (Fed.Cir.2000) ........................................................................ 8, 12

*Jada Toys, Inc. v. Mattel, Inc.*,
518 F.3d 628 (9th Cir. 2008) ........................................................................ 16, 17

*Jurin v. Google, Inc.*,
No. 2:09–CV–03065, 2012 WL 5011007 (E.D.Cal. Oct. 17, 2012).................. 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S. Ct. 1348 (1986) ............................................................ 7, 18

*Sanders v. Parker Drilling Co.*,
911 F.2d 191 (9th Cir. 1990) .............................................................................. 10

*Wallach v. Longevity Network, Ltd.*,
No. CV04-2404 SJO RZX, 2005 WL 5958091 (C.D. Cal. Sept. 1, 2005) ............
................................................................................................................. 11, 13

**STATUTES**

15 U.S.C. § 1071(b)(1) ......................................................................................... 8

15 U.S.C. § 1114(1) ...................................................................................... 14, 19

15 U.S.C. § 1119 ................................................................................................. 19

15 U.S.C. § 1125 ................................................................................................. 19

15 U.S.C. § 1125(a) ............................................................................................ 14

15 U.S.C. § 1125(c)(1) ....................................................................................... 16

Cal. Bus. & Prof. Code § 14330 ......................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

Cal. Bus. & Prof. Code § 17200 ...................................................................3, 14, 18

Fed.R.Civ.P. 56 ........................................................................................... 1, 13

Fed.R.Civ.P. 56(a) .............................................................................................7

## INTRODUCTION

Defendant, Serine-Cannonau Vineyard, Inc., dba Terry Hoage Vineyards ("Terry Hoage" or "Defendant"), by and through its attorneys of record, moves for summary judgment on all Viña Undurraga S.A.'s ("Undurraga" or "Plaintiff") claims and Defendant's first, second, and fourth counterclaims, pursuant to Federal Rule of Civil Procedure 56. In the alternative, Terry Hoage moves for partial summary judgment on Plaintiff's first claim (*de novo* review of the Trademark Trial and Appeal Board decision). This motion should be granted because there is no genuine dispute as to any material fact that:

(a)    Terry Hoage used its ![mark] trademark prior to Plaintiff's use of its TH mark in commerce; and

(b)    there is a likelihood of confusion between the marks because Plaintiff's ![mark] mark is the letter combination "TH."

This case arose when Defendant's applications to register its TH mark or TH VINEYARD mark were refused based on marks filed and registered by Plaintiff. Terry Hoage therefore petitioned to cancel Plaintiff's TH mark because Terry Hoage had long prior use of TH on wines.

In that action, Plaintiff did not litigate; it stonewalled and filed no evidence. The Trademark Trial and Appeal Board ("TTAB") granted Terry Hoage's petition to cancel.

Now, taking the proverbial second bite at the apple, Plaintiff has filed for a trial *de dovo* in this Court, upping the stakes by claiming that Terry Hoage infringes Plaintiff's rights.

As in the TTAB proceeding, Plaintiff has not taken steps to prove its own case. Discovery is over. The TTAB found confusion between Terry Hoage's ![mark] mark and Plaintiff's TH mark and decided that Terry Hoage's mark had priority. This finding links all the other claims in this action. These claims stand or fall on the commonality of the letters TH in the respective marks.

| Claims (Dkt. No. 1) | | |
|---|---|---|
| Plaintiff's Claims | Plaintiff's Mark(s) | Terry Hoage's Mark(s) |
| (1) De novo review | TH (Reg. No. 3,523,399); TH TERROIR HUNTER (Reg. No. 3,523,400) | ⚅ (Ser. No. 77/957,906) |
| (2)Trademark infringement | | TH ESTATE WINES |
| (3) Unfair competition | | TH ESTATE WINES |
| (4) Unfair trade practices | | TH ESTATE WINES |
| (5) Trademark dilution | | TH ESTATE WINES |
| Counterclaims (Dkt. No. 29) | | |
| Terry Hoage's Counterclaims | Terry Hoage's Mark(s) and Trade Names | Plaintiff's Mark(s) at issue |
| (1)Trademark infringement | ⚅ (Ser. No. 77/957,906); TH (Ser. No. 86/569,394); TH VINEYARDS (Ser. No. 77/957,129); | TH (Reg. No. 3,523,399); TH TERROIR HUNTER (Reg. No. 3,523,400); TH TERROIR HUNTER RARITIES- UNDURRAGA ESTABLISHED IN 1885 (Reg. No. 4,809,327) |
| (2) False designation of origin | | |
| (3) Trade name infringement | TH ESTATE WINES; TH VINEYARDS | |
| (4) Unfair competition | ⚅ (Ser. No. 77/957,906); TH (Ser. No. 86/569,394); TH VINEYARDS (Ser. No. 77/957,129); | |

Once the Court concludes, as it must, that Terry Hoage enjoys priority in use of TH, then the Court must find that Plaintiff, not Defendant, is the infringer, and find that each of Plaintiff's TH marks infringed Terry Hoage's TH marks because the TH is the common element between them. Plaintiff itself claims the confusion; Terry Hoage agrees. Thus a finding of prior use of TH by Terry Hoage results in a ruling in favor of Terry Hoage on all its claims.

## I.     STATEMENT OF UNCONTROVERTED FACTS

This is a trademark dispute between two wine sellers. [Statement of Uncontroverted Facts No. ("Fact No.") 1.]. Defendant Terry Hoage does business as "Terry Hoage Vineyards," which is a family-owned vineyard and winery located in Paso Robles, California founded by former NFL player Terry Hoage and his wife Jennifer Hoage. [Fact No. 2.] Plaintiff is a Chilean winemaker that produces and distributes wine in the United States. [Fact No. 3.]

On December 15, 2015, Plaintiff commenced this action, bringing claims for *de novo* review of the Trademark Trial and Appeal Board's (the "TTAB") 2015 cancellation decision between the parties, trademark infringement under the Lanham Act and at common law, unfair competition under the Lanham Act and at common law, unfair trade practices under California law, and trademark dilution under the Lanham Act and California law. [Fact No. 4.]

On June 16, 2016, Terry Hoage brought counterclaims for trademark infringement, false designation of origin, trade name infringement, and for violation of California Business and Professions Code § 17200 *et seq*. [Fact No. 5.]

On January 27, 2017, this Court ordered that the evidentiary record of the earlier TTAB proceeding (Cancellation No. 92053854) be admitted for all purposes in this proceeding. [Fact No 6.] That record was sent to this Court by the Office of the Solicitor on February 22, 2017. [Fact No. 7.]

### A.     The Parties TH Marks

In 2011, Terry Hoage commenced the TTAB proceeding to cancel Plaintiff's trademark "TH" ("Plaintiff's TH Mark") because the United States Patent and Trademark Office ("USPTO") had denied two of Terry Hoage's trademark applications based in part on Plaintiff's TH Mark. [Fact No. 8.] Plaintiff's TH Mark is for wine in International Class 33 (Registration No. 3523399) and has a priority date of September 14, 2007 based on Chilean Application No. 789.034, which was filed on September 14, 2007. [Fact No. 9.]

The two applications refused by the USPTO are for Terry Hoage's "TH VINEYARDS" (Serial No. 77/957,129) mark and its stylized TH trademark mark ("Stylized TH Mark," Serial No. 77/957,906)[1], both in International Class 33 for wine, and both with a first use date of November 8, 2004. [Fact No. 10.]

## B.   Priority

The TTAB's October 16, 2015 decision ruled that Terry Hoage established use of its Stylized TH Mark as of November 8, 2004, nearly three years before the date of first use of Plaintiff's TH Mark. [Fact No. 12.] The TTAB relied on the deposition of Defendant CEO Terrell Lee Hoage, as well as the exhibits duly admitted through his testimony to find that Terry Hoage's Stylized TH Mark had been used in commerce since November 8, 2004. [Fact No. 13.] Plaintiff submitted no evidence in the TTAB proceeding of prior use. [Fact No. 14.] The TTAB reviewed Plaintiff's public trademark application records to find that Plaintiff could claim no earlier use date for Plaintiff's TH Mark than September 14, 2007. [Fact No. 15.] Accordingly, the TTAB found that Terry Hoage used its Stylized TH Mark before Plaintiff used its TH Mark. [Fact No. 16.] Similarly, in this trial *de novo*, Plaintiff again has offered no evidence of prior use. [Fact No. 17.]

## C.   Likelihood Of Confusion

The TTAB also found a likelihood of confusion between Plaintiff's TH Mark and Terry Hoage's Stylized TH Mark. [Fact No. 18.] The TTAB reviewed all evidence relevant to the factors bearing on the issue of likelihood of confusion, citing *In re E. I. du Pont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563, 567 (CCPA 1973). [Fact No. 19.]

The TTAB found that the first *du Pont* factor (the similarity of the marks) supports a finding of likely confusion "[b]ecause the marks are highly similar at least in sound, meaning, and overall commercial impression . . . ." [Fact No. 20.]

---

[1] Terry Hoage's Stylized TH Mark is: . [Fact No. 11.]

1  With respect to the similarity of the marks, the TTAB provided that, "[w]here as
2  here, the parties use their marks in connection with identical goods, the similarity
3  between the marks necessary to support a determination that confusion is likely
4  declines." [Fact No. 21.] The TTAB found the marks substantially similar, stating:

5       The involved registration is for the mark TH, in standard
6       characters. Petitioner's mark is ⬛. Although the letters in
7       Petitioner's mark are highly stylized, **we find that**
8       **consumers would recognize them to represent the**
9       **initials "th,"** which Respondent did not dispute. In
        addition, Respondent's mark is not limited to any
10      particular display and could appear in stylization similar
        to Petitioner's mark.
11

12      [Fact No. 22 (emphasis added.)]

13      Regarding the second through fourth *du Pont* factors (the similarity of the
14  goods, channels of trade, and classes of customers), the TTAB found that the
15  parties' goods are both "wines," are therefore "identical," and the channels of trade
16  and classes of customers are thus presumed the same. [Fact No. 23.] In sum, the
17  TTAB found that Terry Hoage's Stylized TH Mark is the equivalent of the letters
18  "TH" and there is a likelihood of confusion with Plaintiff's TH Mark. [Fact No. 24.]

19      Terry Hoage submitted additional evidence in the TTAB proceeding
20  demonstrating that other arbiters have found Terry Hoage's Stylized TH Mark to
21  constitute "TH," including its application to register Terry Hoage's Stylized TH
22  Mark that identifies the mark as "TH." [Fact No. 25.] Indeed, the USPTO refused to
23  register this mark because it is same letters "TH" as Plaintiff's (aka "registrant's")
24  mark – that is, the Examining Attorney viewed the mark as "TH," stating:

25      The literal element in applicant's **TH** mark is identical to
        the registrant's **TH** mark. The stylization in applicant's
26      **TH** mark does not prevent a likelihood of confusion with
        the registrant's **TH** mark because the registrant's mark is
27      in standard characters.

28

[Fact No. 26. (emphasis original.)]

Because the TTAB found a likelihood of confusion between Terry Hoage's Stylized TH Mark and Plaintiff's TH Mark, it found that it "need not consider Petitioner's [Terry Hoage's] other pleaded mark, TH VINEYARDS." [Fact No. 27.] Plaintiff submitted no evidence, and only raised in its cross examination of Terry Hoage that Terry Hoage's Stylized TH Mark may be read as something other than "TH," such as "HT" or that the "H" could be mistaken for a "B." [Fact No. 28.] The TTAB found the Stylized TH Mark to be the letters "TH" and granted Terry Hoage's petition to cancel Plaintiff's TH Mark. [Fact No. 29.]

**D.    Additional TH Marks at Issue**

Not content with claiming that its rights in TH are superior, Plaintiff goes further and claims that Terry Hoage's TH ESTATE WINES mark infringes Plaintiff's TH Mark and TH TERROIR HUNTER mark and that it used these marks prior to Terry Hoage's first use of TH VINEYARDS. [Fact No. 31.]

In addition to Terry Hoage's Stylized TH Mark, Terry Hoage owns rights in TH ESTATE WINES, and filed applications for TH VINEYARDS (as described above) and TH (Serial No. 86/569,394), International Class 33 on March 19, 2015. [Fact NO. 32.] Plaintiff's claims two through four allege likely confusion based on Defendant's TH ESTATE WINES and Plaintiff's TH Mark and TH TERROIR HUNTER mark. [Fact No. 33.]

The Trademark Office refused to register Terry Hoage's TH VINEYARDS based on likely confusion with Plaintiff's TH Mark and TH TERROIR HUNTER mark. [Fact No. 34.] With respect to likely confusion between Terry Hoage's TH VINEYARDS mark and Plaintiff's TH TERROIR HUNTER mark, the USPTO Examining Attorney found:

> The first term in the marks is **TH**. Consumers are generally more inclined to focus on the first word, prefix or syllable in any trademark or service mark. . . . The dominant term in applicant's mark is **TH**; applicant has disclaimed the descriptive term "VINEYARDS."

> Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. . . . The substitution of "VINEYARDS" for the wording "TERROIR HUNTER" in the registrant's **TH TERROIR HUNTER** mark does not overcome the likelihood of confusion. Marks may be confusingly similar in appearance where there are similar terms or phrases or similar parts of terms or phrases appearing in both applicant's and registrant's mark.

[Fact No. 35 (internal citations omitted) (emphasis original).]

Terry Hoage's TH mark (Serial No. 86/569,394) was refused based on Plaintiff's trademarks TH, TH TERROIR HUNTER, and TH TERROIR HUNTER RARITIES- UNDURRAGA ESTABLISHED IN 1885. [Fact No. 36.] Plaintiff also owns a registration for TH TERROIR HUNTER RARITIES- UNDURRAGA ESTABLISHED IN 1885 (Reg. No. 4,809,327), International Class 33 for "wines," first used in commerce on August 14, 2014. [Fact No. 37.] Plaintiff provides that it has used Plaintiff's TH Mark, TH TERROIR HUNTER, TH TERROIR HUNTER RARITIES- UNDURRAGA ESTABLISHED IN 1885 as trademarks for wine. [Fact No. 38.]

## II.   LEGAL STANDARDS

### A.   Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). No genuine dispute exists where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). The moving party bears the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256. 106 S. Ct. 2505, 2514 (1986). However, on an issue where the non-moving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to

support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). In such a case, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks omitted.)

### B.    Review Of A TTAB Decision

A losing party may file an appeal from a final decision of the TTAB by filing a civil action in federal district court. 15 U.S.C. § 1071(b)(1). In such event, the parties may ask the district court to make its decision based on the record in the TTAB, or submit new evidence and ask for review of those facts, and for additional relief. *CAE, Inc. v Clean Air Engineering, Inc*. 267 F.3d 660, 673-75 (7th Cir 2001). A district court hearing an appeal of a decision of the TTAB reviews legal conclusions *de novo* and factual findings for substantial evidence. *Aycock Eng'ng, Inc. v. Airflite, Inc.,* 560 F.3d 1350, 1355 (Fed.Cir.2009). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S. Ct. 206, 217 (1938). The possibility that inconsistent conclusions may be drawn from the same record does not render the TTAB's finding unsupported by substantial evidence. *See In re Gartside,* 203 F.3d 1305, 1312 (Fed.Cir.2000). Evidence not submitted to the TTAB should be subject to a *de novo* review by the District Court. *See CAE, Inc.*, 267 F.3d at 674-75 (7th Cir. 2001). The district court has authority to grant or cancel registrations and to decide any related matters such as infringement and unfair competition claims. *See* 15 U.S.C. § 1071(b)(1).

### III.   CLAIM I - THE TTAB DECISION SHOULD NOT BE REVERSED

Plaintiff's first claim is for *de novo* review of the TTAB proceeding. Plaintiff argues that the order cancelling Plaintiff's TH Mark should be reversed. The TTAB's factual findings should be reviewed for substantial evidence because

Plaintiff has offered no new evidence on this claim. *See CAE, Inc.* 267 F.3d at 674-75 (7th Cir. 2001). Terry Hoage is entitled to summary judgment because there is substantial evidence supporting the TTAB's ruling that Terry Hoage is the prior user and confusion is likely. *Id.*; *See Aycock Eng'ng, Inc.*, 560 F.3d at 1355.

## A.   The TTAB Correctly Found Prior Use

The TTAB found that Terry Hoage established prior use in its Stylized TH Mark as of November 8, 2004, nearly three years before the date of first use of Plaintiff's TH Mark, September 14, 2007. [Fact No. 12.] Plaintiff did not offer any evidence in the TTAB proceeding of prior use, nor has it offered any new evidence here. [Fact Nos. 14, 17.] Further, Plaintiff has not obtained any evidence to support its contentions, as it has served no interrogatories, no requests for production of documents, and no requests for admissions. [Hocking Decl. ¶ 8.] [2] Plaintiff's reliance on the pleadings alone to establish priority is insufficient to demonstrate that a material dispute exists for the purposes of summary judgment. *See Celotex Corp.*, 477 U.S. at 324-25. As a result, the TTAB findings of Terry Hoage's prior use, which are supported by substantial evidence, should be affirmed. *See Aycock Eng'ng, Inc.*, 560 F.3d at 1355.

## B.   The TTAB Correctly Found Likelihood Of Confusion

The TTAB made specific findings that Terry Hoage's Stylized TH Mark and Plaintiff's TH Mark are confusingly similar. The TTAB thoroughly reviewed all the evidence relevant to the *du Pont* factors to make factual findings that the marks are similar in sound, meaning, and overall commercial impression. [Fact Nos. 19-22.] The TTAB considered the record, and found that "[a]lthough the letters in Petitioner's [Terry Hoage's] mark are highly stylized, we find that consumers would recognize them to represent the initials 'th' . . . ." [Fact No. 22.] The TTAB reasoned

---

[2] The TTAB did not need to consider Terry Hoage's TH VINEYARD's mark, but had it, the TTAB would have found that Terry Hoage has priority in this mark as well, as of Nov. 8, 2004. [Fact No. 10.]

that Plaintiff's "mark is not limited to any particular display and could appear in stylization similar to Petitioner's mark." [Fact No. 22.] The TTAB also found that because the parties' goods are both "wines," the channels of trade and classes of consumers are presumed the same. [Fact No. 23.] Further, because the likelihood of confusion was so apparent, the TTAB did not even need to consider Terry Hoage's other pleaded mark, TH VINEYARDS. [Fact No. 27.] As a result, the TTAB findings of likely confusion, which are supported by substantial evidence, should be affirmed. *See Aycock Eng'ng, Inc.*, 560 F.3d at 1355.

### C.    The TTAB's Findings Are Supported Under Any Standard

Although the TTAB used the *du Pont* factors, and this Court generally applies the *Sleekcraft* factors, the tests share much in common. Moreover, whether likelihood of confusion is a question of law or one of fact can depend on the circumstances of each particular case. *Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1029 (C.D. Cal. 2011), aff'd, 738 F.3d 1085 (9th Cir. 2013) *citing Alpha Industries, Inc. v. Alpha Steel Tube & Shapes, Inc.,* 616 F.2d 440, 443 (9th Cir.1980). "[A] question of fact may be resolved as a matter of law if reasonable minds cannot differ and the evidence permits only one conclusion." *Id. citing Sanders v. Parker Drilling Co.*, 911 F.2d 191, 194 (9th Cir. 1990). Here, because no new evidence has been submitted, reasonable minds cannot differ that the evidence only permits the TTAB's conclusion. Thus, the Court may resolve likelihood of confusion as a question of fact, supported by substantial evidence, as already found by the TTAB, and need not conduct its own analysis.

However, even if the Court considers it a question of law, and applies the *Sleekcraft* factors, (1) strength of the mark(s), (2) relatedness of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels, (6) degree of consumer care, (7) the defendants' intent, and (8) likelihood of expansion, Terry Hoage is entitled to summary judgment, because Plaintiff has offered no new evidence and no reasonable fact finder could find there is not a

- 10 -

likelihood of confusion. *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348–49 (9th Cir.1979); *See Jurin v. Google, Inc.,* No. 2:09–CV–03065, 2012 WL 5011007, at *4 (E.D.Cal. Oct. 17, 2012) (finding that although likelihood of confusion is generally a factual analysis, defendant entitled to summary judgment on trademark infringement claim, where plaintiff offered no evidence, because, "no reasonable factfinder could find that there is a likelihood of confusion based on the evidence presently before the Court.")

Here, applying the findings of fact made by the TTAB, there is clearly a likelihood of confusion under the relevant *Sleekcraft* factors: (1) the goods are both "wines" (i.e. the goods are related) [Fact No. 23.]; (2) the "channels of trade and classes of consumers are presumed the same" (i.e. the marketing channels and degree of consumer care are the same) [*Id.*]; and (3) the marks are identical: "[a]lthough the letters in Petitioner's [Terry Hoage's] mark are highly stylized, we find that consumers would recognize them to represent the initials 'th'" [Fact No. 22.]. *See Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.,* 174 F.3d 1036, 1053–54 (9th Cir.1999) ("Some factors are much more important than others, and the relative importance of each individual factor will be case specific . . . it is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of factors.").

Because no reasonable factfinder could find differently than the TTAB, and because Plaintiff has not met its burden to show there is genuine dispute as to a material fact that confusion is not likely between Terry Hoage's Stylized TH Mark and Plaintiff's TH Mark, Terry Hoage is entitled to summary judgment as a matter of law on Plaintiff's first claim. *See, e.g., Wallach v. Longevity Network, Ltd.*, No. CV04-2404 SJO RZX, 2005 WL 5958091, at *16 (C.D. Cal. Sept. 1, 2005) (finding summary judgment in favor of defendant, upholding TTAB findings based on priority and likelihood of confusion and cancelling plaintiff's mark).

### D.     Plaintiff's Speculation Does Not Create a Genuine Dispute

As in the TTAB proceeding, here, Plaintiff has offered no evidence in support of its claim. [Fact No. 14; *see* Hocking Decl. ¶ 8.] It simply filed a trial de novo because it lost at the TTAB; quixotically, Plaintiff takes the same course again not prosecuting its case. Plaintiff served no interrogatories, no requests for production of documents, and no requests for admissions to pursue its claims. [Hocking Decl. ¶ 8.] Because Plaintiff has failed to offer new evidence, this Court reviews the TTAB factual findings for substantial evidence. *See CAE, Inc.* 267 F.3d at 674-75 (7th Cir. 2001); *Aycock Eng'ng, Inc.* 560 F.3d at 1355.

Plaintiff's arguments in its Complaint amount to mere speculation and are insufficient to demonstrate that a "material dispute" exists, much less that the TTAB's decision is unsupported by substantial evidence. Further, Plaintiff's flimsy speculation in cross-examination and in its briefs that Terry Hoage's Stylized TH Mark is the equivalent of "HT" or "BT" is not evidence. [Fact No. 28.] That Plaintiff has raised the possibility that inconsistent conclusions may be drawn from the same record amounts to conjuncture, unsupported at the close of discovery with any facts, and does not unmoor the TTAB's findings: they are supported by substantial evidence. *See In re Gartside,* 203 F.3d at 1312.[3]

Considering all the evidence before it, the TTAB found priority in favor of Terry Hoage and likely confusion between the marks, in significant part because it found: "consumers would recognize [Terry Hoage's Stylized TH Mark] to represent the initials 'th.'" [Fact No. 22.] Accordingly, here, the marks are identical, and the

---

[3] The TTAB also found Plaintiff's conjecture that Terry Hoage could not be damaged by Plaintiff's TH Mark because Plaintiff owns a second registration for TH TERROIR HUNTER unconvincing. [Hocking Decl., ¶ 3, Ex. B (TTAB Decision) at A957-A958.] The TTAB considered and rejected this argument, when it reviewed the applicability of a so-called *"Morehouse* Defense." *Id*. Likewise, here, Plaintiff has not specifically cited this defense, and there is an absence of evidence to support it.

first claim should be resolved at the summary judgment stage. [4] Indeed, one of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *Celotex Corp.*, 477 U.S. at 323-4. Given the absence of evidence to support Plaintiff's claim, and the similarity in the parties' marks, no reasonable factfinder could find differently from the TTAB based on the evidence before the Court. Thus, Terry Hoage is entitled to summary judgment on Plaintiff's first claim. *See Celotex Corp*,. 477 U.S. at 324-5; *Wallach,* WL 5958091 at *16.

## IV. PLAINTIFF'S REMAINING CLAIMS II-V ALSO FAIL DUE TO DEFENDANT'S SUPERIOR RIGHTS IN "TH" FOR WINE

Although the TTAB only considered confusion between Terry Hoage's Stylized TH Mark and Plaintiff's TH mark, and here Plaintiff has alleged four "new" claims based on other marks, the additional claims all depend upon Plaintiff proving that Terry Hoage used a mark with the dominant feature "TH" belonging to Plaintiff. Accordingly, if Terry Hoage prevails on Plaintiff's first claim, and the cancellation of Plaintiff's TH Mark registration is affirmed, Terry Hoage is entitled to summary judgment on Plaintiff's remaining claims as a matter of law. In the alternative, if the Court does not find for Terry Hoage on the first claim, Terry Hoage is still entitled to summary judgment on the remaining claims because it

---

[4] Where, as here, there is a "virtual identity of marks" used with the same type of product, "likelihood of confusion would follow as a matter of course." *Brookfield Commc'ns, Inc*., 174 F.3d at 1056; *see also Suarez Corp. Indus. v. Earthwise Techs., Inc*., 636 F. Supp. 2d 1139 (W.D. Wash., 2008). (maker of a space heater was entitled to summary judgment on a trademark infringement claim it brought against the maker of another heater where marks at issue were largely identical); *Nissan Motor Co. v. Nissan Computer Corp*., 378 F.3d 1002, 1019 (9th Cir.2004) (affirming summary judgment where the marks were "legally identical," the goods at issue were related, and the marketing channels overlapped); *Kyjen Co., Inc. v. Vo-Toys, Inc*., 223 F.Supp.2d 1065, 1070 (C.D.Cal. 2002) (finding summary judgment on trademark infringement claim granted in favor of plaintiff where plaintiff's "bungee" mark was infringed by competitor's use of same term for similar product).

owns superior rights to "TH" through its TH VINEYARDS mark.

**A.    Terry Hoage's Rights To Its Stylized TH Mark Entitle It To Summary Judgment On Plaintiff's Claims II - IV**

Plaintiff's claims two through four are for trademark infringement (under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law), unfair competition (under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law), and unfair trade practices (under the California Unfair Trade Practices Act, Calif. Bus. and Prof. Code § 17200 *et seq*).

The basic required elements for trademark infringement under 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under 15 U.S.C. § 1125(a), and common law unfair competition are the same. *See e.g., Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986). In addition, the Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.,* 30 F.3d 1255, 1262-63 (9th Cir. 1994).

The required elements are that (1) the plaintiff's mark is valid; and (2) the defendant's use of the challenged mark is likely to cause confusion. *See, e.g., Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007) *citing Brookfield Communs., Inc.*, 174 F.3d at 1047, 1053. There is no genuine dispute that Plaintiff cannot prove either of these elements and that Terry Hoage is entitled to summary judgment as a matter of law.

**1.    Plaintiff Cannot Show A Protectable Interest in the Mark**

Plaintiff cannot prove the first element of claims two through four (that it has a valid protectable interest in its alleged TH or TH TERROIR HUNTER marks) because the TTAB cancelled its TH Mark based on Terry Hoage's superior rights to "TH" for wine. Plaintiff's TH Mark has a priority date of September 9, 2007 and its TH TERROIR HUNTER mark has a priority date of September 27, 2007, which

each is nearly three years after the date of first use of both Terry Hoage's Stylized TH Mark and TH VINEYARDS mark. [Fact Nos. 10, 12, 17.]

Plaintiff has offered no evidence to reverse the TTAB's findings of priority and superior rights to TH for wine in favor of Terry Hoage. Accordingly, an order upholding the TTAB's ruling affirms that Plaintiff does not own Plaintiff's TH Mark and cannot meet this first element.[5] Also, if the TTAB decision is affirmed, Plaintiff's TH TERROIR HUNTER should be partially cancelled by the deletion of TH, because Plaintiff has inferior rights to TH for wine. [Fact Nos. 22, 35.]

### 2.    Plaintiff Cannot Show Likelihood of Confusion

Plaintiff similarly cannot prove the second element in its claims two through four (likelihood of confusion) because it does not have rights to "TH" for wine. Key factors in finding likely confusion include similarity of the marks, the goods and marketing channels. *See AMF, Inc.,* 599 F.2d at 348–49. Plaintiff cannot get that far here.

Here, a finding upholding the TTAB's cancellation decision cancels Plaintiff's rights to TH, and thus it does not have a protectable trademark interest subject to a likelihood of confusion analysis.[6] *See, e.g., Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp. 2d 1, 22 (D.D.C. 2006) ("Summary judgment may be granted in trademark matters where there is no protectable trademark

---

[5] The TTAB's findings of priority in favor of Terry Hoage, which Plaintiff offers no evidence to rebut, also preclude Plaintiff from establishing superior common law rights. *See, e.g., Vuitton Et Fils S.A. v. J. Young Enterprises, Inc.,* 644 F.2d 769, 775 (9th Cir.1981) (Without registration, a plaintiff "would have to establish his right to exclusive use in a common law infringement action. . . .").

[6] An order upholding the TTAB decision grants Terry Hoage superior rights to "TH" for wine, and thus, Plaintiff's TH TERROIR HUNTER mark must also be partially cancelled by the deletion of the "TH." *See infra* at Section V(3) Counterclaim Remedies; *see also* 15 U.S.C. § 1119 (granting the Court authority to cancel a registered mark). Further, as provided *infra at* FN 5, the TTAB's finding of priority in favor of Terry Hoage precludes Plaintiff from establishing superior common law rights in any TH mark for wine.

interest and no likelihood of confusion.") Because Plaintiff does not have rights to "TH," it cannot prove likely confusion and Terry Hoage is entitled to summary judgment on the second through fourth claims. *See Celotex Corp.*, U.S. 317 at 324-25.

### B.    Terry Hoage's Rights To Its Stylized TH Mark Entitle It To Summary Judgment On Plaintiff's Claim V For Dilution

Plaintiff's fifth and final claim is for trademark dilution under § 43(c)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(c)(1), and the California Trademark Dilution Act, Cal. Bus. and Prof. Code § 14330 *et seq.*

The basic required elements for both the federal and the state dilution claims are the same. *See, e.g., Jada Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628, 634 (9th Cir. 2008). In order to prove a violation, a plaintiff must prove: (1) the mark is famous and distinctive; (2) the mark is used in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment. *Id.*

Terry Hoage is entitled to summary judgment on this claim because there is an absence of evidence that Plaintiff's marks TH and/or TH TERROIR HUNTER are famous. Plaintiff has thus failed to make a showing sufficient to establish the existence of an element essential to its claim for dilution, and Plaintiff will bear the burden of proving this element at trial. Accordingly, there is no genuine dispute for trial as to this claim, and Terry Hoage's motion for summary judgement on Plaintiff's trademark dilution claim should be granted. *See Celotex Corp.*, U.S. 317 at 324-25.

Moreover, if this Court upholds the TTAB decision, then there is no dispute that Plaintiff cannot be injured by the alleged blurring or tarnishment because Plaintiff TH Mark is cancelled and Plaintiff's TH TERROIR HUNTER mark should be partially cancelled by the deletion of TH. [*See infra at* V. Terry Hoage's Counterclaims.]

### C.   In The Alternative, Terry Hoage's TH VINEYARDS Entitles It To Summary Judgment On Plaintiff's Claims

In the alternative, if the Court does not grant summary judgment to Terry Hoage as to Plaintiff's first claim, the Court may still grant summary judgment on the remaining claims (two through five) on the basis that Terry Hoage holds superior rights to the "TH" letter combination for wine based on its ownership of TH VINEYARDS.

Terry Hoage enjoys a priority date of November 8, 2004 for TH VINEYARDS, which is nearly three years before the date of first use of Plaintiff's TH Mark and TH TERROIR HUNTER mark. [Fact Nos. 9, 10.]

As the USPTO already found, confusion is likely between TH VINEYARDS and Plaintiff's TH Mark and TH TERROIR HUNTER mark because "TH" in Terry Hoage's TH VINEYARDS is the dominant feature of the mark. [Fact No. 35.] Indeed, Terry Hoage's TH VINEYARDS was denied by USPTO due to this confusion. [*Id.*] [7] As the Examining Attorney stated: "The substitution of 'VINEYARDS' for the wording 'TERROIR HUNTER' in the registrant's TH TERROIR HUNTER mark does not overcome the likelihood of confusion." [*Id.*]

---

[7] TH is the consistent, unifying name across Terry Hoage's marks, because it is the first term in the TH VINEYARDS mark and dominant feature in the marks. *See Palm Bay Imports Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1372 (Fed. Cir. 2005) (finding "veuve" to be the most prominent part of the mark VEUVE CLICQUOT because "veuve" was the first word in the mark and the first word to appear on the label); *see also Nina Ricci, S.A.R.I. v. E.T.F. Enters., Inc.,* 889 F.2d 1070, 1073 (Fed. Cir. 1989) (finding VITTORIO RICCI similar in sound, appearance and connotation to NINA RICCI because the surname RICCI "is unifying name in opposer's marks and is the dominant and significant part of opposer's marks in identifying its goods"). Similar to consumer's recognition of the name "Ricci," as described in the *Nina Ricci* case above, the initials "TH" unify Terry Hoage's TH VINEYARDS, Stylized TH Mark, TH ESTATE WINES, and TH mark. The TH mark in the Plaintiff's TH Mark and TH TERROIR HUNTER is similar in sight, sound and commercial impression to Terry Hoage's TH VINEYARDS. *See Nina Ricci*, *S.A.R.I.,* 889 F.2d at 1073; *Palm Bay Imports Inc.,* 396 F.3d at 1372.

Under either Terry Hoage's Stylized TH Mark or its TH VINEYARDS mark, Terry Hoage holds superior rights to TH for wine, and Plaintiff cannot therefore prove the required elements of its claims two through five.

### D.    There Is An Absence of Evidence To Prove Claims Two Through Five

Terry Hoage is also entitled to summary judgment on these claims because there is an absence of evidence to support them. Plaintiff has not served any interrogatories, requests for admission, or requests for documents. [Hocking Decl. ¶ 8.] Accordingly, Terry Hoage, the moving party, is entitled to summary judgment simply because it has pointed out that there is an absence of evidence (*Celotex Corp.*, 477 U.S. at 324-25), and because, the record taken as a whole, could not lead a rational trier of fact to find for Plaintiff. *See Matsushita Electric Industrial Co., Ltd.*, at 574, 587.

## V.    TERRY HOAGE'S COUNTERCLAIMS

Terry Hoage asserts counterclaims for trademark infringement, false designation of origin, trade name infringement, as well as a claim for violation of California Business and Professions Code § 17200 *et seq.* [Dkt. # 29, Counterclaim.] For the purposes of this motion, Terry Hoage only seeks summary judgment on its first, second, and fourth claims for infringement, false designation of origin, and violation of California Business and Professions Code § 17200 *et seq.*, respectively.

As noted above, the basic required elements for these common law, Lanham Act, and California law claims are the same. *See e.g., Grey*, 650 F. Supp. at 1173; *Cleary*, 30 F.3d at 1262-63. The required elements are that (1) the plaintiff's mark is valid; and (2) the defendant's use of the challenged mark is likely to cause confusion. *See e.g., Applied Info. Scis. Corp.*, 511 F.3d at 969 *citing Brookfield Communs., Inc.,* 174 F.3d at 1047.

### 1.    Terry Hoage's Valid Marks

As stated above, and as found by the TTAB, Plaintiff's TH Mark is cancelled, and but for Plaintiff's frivolous suit, Terry Hoage's marks (Stylized TH Mark, TH VINEYARDS, and TH mark) would be registered. Upon a ruling that Terry Hoage is entitled to summary judgement on its first claim, and that Plaintiff's TH Mark is cancelled, Terry Hoage's TH marks are registrable and valid for the purposes of bringing these claims, pursuant to § 32(1) of the Trademark Act, 15 U.S.C. §1114(1). *See* 15 U.S.C. § 1119 (granting the Court authority to determine the right to registration). Alternatively, the Court may find Plaintiff has infringed Terry Hoage's marks or has engaged in unfair competition, pursuant to Section 43 of the Lanham Act, given that Terry Hoage's marks would qualify for registration but for Plaintiff's suit. 15 U.S.C. § 1125.

### 2.    Likelihood of Confusion

The TTAB already conducted this analysis and found likely confusion between Terry Hoage's Stylized TH Mark and Plaintiff's TH Mark. [Fact No. 22.] If the Court applies the *Sleekcraft* factors,[8] Terry Hoage is entitled to summary judgement, because no reasonable fact finder could conclude that there is not a likelihood of confusion between the marks.

Here, applying the findings of fact made by the TTAB, there is clearly a likelihood of confusion under *Sleekcraft* because the goods are both "wines" (i.e. the goods are related); the "channels of trade and classes of consumers are presumed the same" (i.e. the marketing channels and degree of consumer care are the same); and "[a]lthough the letters in Petitioner's [Terry Hoage's] mark are highly stylized, we find that consumers would recognize them to represent the

---

[8] The factors include (1) strength of the mark(s); (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels; (6) degree of consumer care; (7) the defendants' intent; and (8) likelihood of expansion. *AMF, Inc.,* 599 F.2d at 348–49.

initials 'th'" (i.e. the marks are identical.) [Fact Nos. 22, 23.] *See Brookfield Commc'ns, Inc.,* 174 F.3d at 1056 ("In light of the virtual identity of marks, if they were used with identical products or services likelihood of confusion would follow as a matter of course.").

Moreover, all Plaintiff's and Terry Hoage's marks bear the dominant feature "TH" and all are used in connection with wine.[9] Where, as here, there is a "virtual identity of marks" used with the same type of product, "likelihood of confusion would follow as a matter of course."[10] Indeed, Plaintiff's own claims serve as an admission that there is a likelihood of confusion between the "TH" in Plaintiff's and Terry Hoage's respective trademarks.[11] There is no genuine dispute as to any material fact that confusion is likely between Terry Hoage's Stylized TH Mark and Plaintiff's TH Mark, as already concluded by the TTAB. Accordingly, Terry Hoage is entitled to summary judgment on its claims based either on the likely confusion created by its Stylized TH Mark or its TH VINEYARDS mark and Plaintiff's TH marks: TH (Reg. No. 3,523,399); TH TERROIR HUNTER (Reg. No. 3,523,400; and TH TERROIR HUNTER RARITIES- UNDURRAGA ESTABLISHED IN 1885 (Reg. No. 4,809,327).

### 3.   Counterclaim Remedies

Terry Hoage seeks the following remedies pursuant to its counterclaims: (a) affirm the order of the Trademark Trial and Appeal Board Mailed October 15, 2015 in Cancellation Proceeding No. 92,053,854 cancelling Registration No.

---

[9] Plaintiff concedes that it has used "TH" for wine through its use of its TH Mark, TH TERROIR HUNTER, TH TERROIR HUNTER RARITIES- UNDURRAGA ESTABLISHED IN 1885. [Fact No. 38.]

[10] *See, e.g., Brookfield Commc'ns, Inc.*, 174 F.3d at 1056; *see also Suarez Corp. Indus. v. Earthwise Techs., Inc.*, 636 F. Supp. 2d 1139 (W.D. Wash., 2008).

[11] Plaintiff's claims two through four assert likely confusion based on Defendant's TH ESTATE WINES and Plaintiff's TH Mark and TH TERROIR HUNTER mark, due to the dominant commercial feature "TH" in each mark. [Fact No. 33.]

3,523,399 for the mark TH; (b) order partial cancellation of Registration No. 3,523,400 for the mark TH TERROIR HUNTER to delete the term TH from the registration based on superior rights in the TH mark by Terry Hoage; (c) order partial cancellation of Registration No. 4,809,327 for the mark TH TERROIR HUNTER RARITIES- UNDURRAGA ESTABLISHED IN 1885 to delete the term TH from the registration based on superior rights in the TH mark by Terry Hoage; (d) issue a permanent injunction enjoining Plaintiff from any and all confusingly similar or otherwise infringing use of Terry Hoage's TH trademarks; and (e) award Terry Hoage its attorneys' fees and costs.

<u>**CONCLUSION**</u>

For the foregoing reasons, Terry Hoage respectfully requests that the Court grant its motion for summary judgment, denying all Plaintiff's claims, and granting all Terry Hoage's counterclaims, and claims for relief, including its costs and attorneys' fees. In the alternative, Terry Hoage respectfully requests that the Court grant its motion for partial summary judgment, denying Plaintiff's first claim for reversal of the TTAB decision and cancelling Plaintiff's TH Mark.

Dated: March 15, 2017          DONAHUE FITZGERALD LLP


By:/s/ Anne Hiaring Hocking
Anne Hiaring Hocking
Attorneys for Defendant and Counter-Claimant
SERINE-CANNONAU VINEYARD, INC., dba TERRY HOAGE